**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION**

DODI SEREE GEISLER,

       Plaintiff,

v.                                       Case No. 5:18-cv-400-Oc-JRK

ANDREW M. SAUL,[1]
Commissioner of Social Security,

       Defendant.

## OPINION AND ORDER[2]

### I. Status

Dodi Seree Geisler ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claim for disability income benefits ("DIB"). Plaintiff's alleged inability to work is the result of "Ankylosing Spondylitis," "3 Spinal Fractures," "Spondyloarthropathy," "Cognitive Decline," "Chronic Pain," "Chronic Fatigue," "Anemia," "Carpal Tunnel Syndrome," "Osteoarthritis/Osteoporosis," and "Thoracic Outlet Syndrom[e] pain r/t Cervical Rib." Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed December 3, 2018, at 85-86, 100, 231. Plaintiff

---

[1] Andrew M. Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Andrew M. Saul should be substituted for Nancy A. Berryhill as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 10), filed December 3, 2018; Reference Order (Doc. No. 12), entered December 4, 2018.

filed an application for DIB on January 15, 2015,[3] alleging a disability onset date of October 1, 2012, Tr. at 209-12. The application was denied initially, Tr. at 85-97, 98-99, 119-21, and upon reconsideration, Tr. at 100-16, 117-18, 125-29.

On April 12, 2017, an Administrative Law Judge ("ALJ") held a hearing, during which she heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 33-84. The ALJ issued a Decision on July 5, 2017, finding Plaintiff not disabled through the date Plaintiff was last insured for DIB. Tr. at 10-21.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council. Tr. at 206; see Tr. at 4-5, 207-08. On May 31, 2018, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On August 1, 2018, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff raises two issues: 1) whether the ALJ applied the correct legal standards to Plaintiff's request to subpoena information upon which the vocational expert ("VE") relied for his testimony during the hearing; and 2) whether the VE's testimony was sufficiently reliable for the ALJ to make the required step-five findings. Plaintiff's Brief (Doc. No. 15; "Pl.'s Br."), filed February 4, 2019, at 1, 9-12, 13-15. On April 3, 2019, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 16; "Def.'s Mem.") addressing the issues raised by Plaintiff. After a thorough review of the

---

[3] Although actually completed on January 15, 2015, see Tr. at 209, the protective filing date of the DIB application is listed elsewhere in the administrative transcript as January 13, 2015, see, e.g., Tr. at 85, 100.

entire record and consideration of the parties' respective memoranda, the undersigned determines that the Commissioner's final decision is due to affirmed.

## **II. The ALJ's Decision**

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 12-21. At step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from her alleged onset date of October 1, 2012 through her date last insured of September 30, 2015." Tr. at 12 (emphasis and citation omitted). At step two, the ALJ found that "[t]hrough the date last insured, [Plaintiff] had the following severe impairments: Lumbar and cervical degenerative disc disease, left hip osteoarthritis, ankylosing spondylitis, obesity, carpal tunnel syndrome, depression and affective disorder." Tr. at 12 (emphasis and citation omitted). At step three, the ALJ ascertained that "[t]hrough the

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

date last insured, [Plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 12 (emphasis and citation omitted).

The ALJ determined that, through the date last insured, Plaintiff had the following residual functional capacity ("RFC"):

> [Plaintiff could] perform sedentary work as defined in 20 CFR [§] 404.1567(a) except her work must be unskilled. She can occasionally stoop, kneel, crouch, or crawl. She can never climb ladders, ropes, or scaffolds. She can occasionally climb ramps or stairs. She should avoid exposure to hazards, such as heights or machinery with moving parts. She can frequently handle and finger with the upper extremities. She must avoid production rate pace work.

Tr. at 14 (emphasis omitted). At step four, the ALJ found that "[t]hrough the date last insured, [Plaintiff] was unable to perform any past relevant work" at the "semi-skilled or above skill level." Tr. at 19 (some emphasis and citation omitted). At step five, after considering Plaintiff's age ("46 years old . . . on the date last insured"), education ("at least a high school education"), work experience, and RFC, the ALJ relied on the testimony of the VE and found that "[t]hrough the date last insured, . . . there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed," Tr. at 20 (emphasis and citation omitted), such as "Document Preparer," "Polisher, Eyeglass Frames," and "Assembler," Tr. at 20-21. The ALJ concluded that Plaintiff "was not under a disability . . . from October 1, 2012, the alleged onset date, through September 30, 2015, the date last insured." Tr. at 21 (emphasis and citation omitted).

## III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings

of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

As noted above, Plaintiff raises two issues. Because they are related and both challenge the ALJ's step five findings, they are addressed together.

Plaintiff contends the ALJ erred in declining to issue subpoenas for the "underlying data upon which the [VE]'s testimony was premised." Pl.'s Br. at 12. Because the ALJ elected not to do so, argues Plaintiff, the VE's "testimony does not constitute substantial evidence in this case to support a finding of non-disability." Id. Plaintiff also takes issue with the VE's use of "SkillTRAN" software to assist in determining the number of jobs

available.  Id. at 14-15.  Specifically, Plaintiff contends there is no evidence of the reliability of SkillTRAN in the record so its use was improper.  Id. at 15.

Responding, Defendant frames the subpoena issue as Plaintiff asserting the ALJ failed to develop a full and fair record.  Def.'s Mem. at 5.  Defendant contends that Plaintiff "did not object to the VE's qualifications at the oral hearing."  Id. at 7.  According to Defendant, "Plaintiff . . . failed to show her due process rights were violated to such a degree that the case must be remanded for further development of the record."  Id. at 8.[5] As to the SkillTRAN argument, Defendant contends that Plaintiff did not challenge the use of SkillTRAN or even probe the VE about it.  Id. at 12.  Further, Defendant contends Plaintiff has not provided any evidence that is contrary to the VE's findings.  Id.

At step five in the sequential inquiry, "the ALJ must determine if there is other work available in significant numbers in the national economy that the claimant has the ability to perform."  Phillips, 357 F.3d at 1239.  To make this determination, the ALJ may pose a hypothetical question to a VE.  See Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (citing Wolfe v. Chater, 86 F.3d 1072, 1077-78 (11th Cir. 1996)); see also Zimmer v. Comm'r of Soc. Sec., 211 F. App'x 819, 820 (11th Cir. 2006) (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir.1999) ("An ALJ relies on the testimony of a [VE] to determine what level of skill the claimant achieved in his [or her] past work, whether the claimant has transferable skills, and whether the claimant can perform other jobs.")).  "In order for a

---

[5] Relying on certain Regulations, Defendant also contends the subpoena request was untimely because it was not submitted until eight business days prior to the hearing.  Def.'s Mem. at 6-7. This position is surprising given that the Administration sent out notices on at least six occasions stating that any request to subpoena documents must be submitted "at least 5 days before [Plaintiff's] hearing date." Tr. at 133, 136, 146, 149, 175, 181.  In any event, the timeliness issue need not be decided given the undersigned's ultimate findings on the subpoena issue.

[VE]'s testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Wilson, 284 F.3d at 1227 (citing Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999)). If there are "apparent conflicts" between a VE's testimony and the Dictionary of Occupational Titles ("DOT"), the ALJ must identify them, "ask the VE about them, and explain how the conflict was resolved in the ALJ's . . . [D]ecision." Washington v. Comm'r of Soc. Sec., 906 F.3d 1353, 1365 (11th Cir. 2018). The ALJ is required to "articulate specific jobs" that exist in the national economy "that the claimant can perform, and this finding must be supported by substantial evidence, not mere intuition or conjecture." Allen v. Sullivan, 880 F.2d 1200, 1202 (11th Cir. 1989) (citation omitted). "[W]ork exists in the national economy when it exists either in significant numbers in the region where [the claimant] work[s] or in several other regions of the country." 20 C.F.R. § 404.1566(a); see also 42 U.S.C. § 1382c(a)(3)(B).

As Plaintiff recognized, at the time the parties' briefs were submitted in this case, the issue of whether a VE's testimony could constitute substantial evidence at step five when the expert fails to provide the underlying data supporting his/her determinations was on appeal to the United States Supreme Court in the unrelated case of Biestek v. Berryhill, 139 S. Ct. 1148 (2019). After briefing in this case was concluded, Biestek was decided. The issue in Biestek, as the Supreme Court put it, was "[w]hether [a VE's] refusal to provide [private market-survey] data upon [a claimant's] request categorically precludes her testimony from counting as 'substantial evidence.'" Id. at 1152. Answering that question in the negative, the Supreme Court observed that "expert testimony can sometimes surmount" the substantial evidence bar "absent underlying data." Id. at 1152, 1156. So,

- 7 -

"a refusal to a request for" data that a VE relies upon should not make a VE's testimony "categorically inadequate." Id. at 1156.

As to the ability to cross-examine a VE without the underlying information, the Supreme Court stated that "an ALJ and a reviewing court may properly consider obstacles to such questioning when deciding how much to credit an expert's opinion." Id. (citations omitted). But, it "goes too far [to] suggest[] that the refusal to provide supporting data always interferes with effective cross-examination, or that the absence of such testing always requires treating an opinion as unreliable." Id. "Even without specific data, an applicant may probe the strength of testimony by asking an expert about (for example) her sources and methods—where she got the information at issue and how she analyzed it and derived her conclusions." Id. (citation omitted). Or, if there is no "significant testing, a factfinder may conclude that testimony has sufficient indicia of reliability to support a conclusion about whether an applicant could find work." Id. at 1157. In the end, said the Supreme Court, "[t]he inquiry . . . is case-by-case." Id. (citation omitted).

Here, with the benefit of Biestek, the undersigned concludes that the VE's testimony provided substantial evidence to support the ALJ's step five findings. Plaintiff's counsel did specifically ask in a letter prior to the hearing for the ALJ to subpoena the VE for any underlying data upon which the VE's opinions were based. See Tr. at 391-92. Assuming the VE did not bring that data (the hearing transcript does not make it clear one way or the other), Plaintiff's counsel still effectively cross examined the VE about his methodology and sources. See Tr. at 80-83. Plaintiff's counsel did not appear to be hamstrung by any lack of data, and counsel did not object to the VE's testimony during the hearing. See Tr. at 76, 80-83. As to the SkillTRAN issue, counsel merely asked, "Did you use SkillTRAN

to come up with the numbers of jobs that exist?" Tr. at 82. And, the VE responded, "Yes, Mr. Culbertson." Tr. at 82. Plaintiff's counsel stopped the questioning there, so the record contains no evidence of SkillTRAN's reliability or lack thereof; the VE's level of reliance on it; or whether the VE relied upon any other sources for the job numbers. Further, the VE testified that his overall opinion is consistent with the DOT, Tr. at 80, a contention with which Plaintiff does not quarrel. The ALJ also relied on his "knowledge, experience, and training" for his opinion about absenteeism's effect on employment. Tr. at 80. Thus, SkillTRAN was not the only source of the VE's overall knowledge and opinions. In sum, the ALJ's reliance on the VE's testimony at step five was not error. Substantial evidence supports the step five findings.

## V. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on March 16, 2020.

JAMES R. KLINDT
United States Magistrate Judge

kaw
Copies to:
Counsel of Record